NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 11 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



PAMELA ELIZABETH MOROCHO-MOROCHO,

Petitioner,

v.

TODD BLANCHE, Attorney General,

Respondent.

No. 20-73529

Agency No.
A203-604-231

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2026**
Pasadena, California

Before: GRABER, KOH, and H.A. THOMAS, Circuit Judges.

Petitioner Pamela Elizabeth Morocho-Morocho, a native and citizen of

Ecuador, petitions for review of a decision by the Board of Immigration Appeals

("BIA") dismissing Petitioner's appeal from an order of an Immigration Judge

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("IJ") (collectively, the "Agency") denying Petitioner's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Our "review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012) (internal quotation marks and citation omitted). We review the Agency's legal determinations de novo and the Agency's factual findings for substantial evidence. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). "Under the substantial evidence standard, administrative findings of fact are conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary." *Id.* (citation omitted).

1.    Substantial evidence supports the BIA's determination that Petitioner failed to carry her burden of demonstrating the requisite nexus between her asserted harms and a protected characteristic.[2] *See Vasquez-Rodriguez v. Garland*,

---

[1]    Petitioner's opening brief raises arguments only in the context of her asylum claim, so we do not consider any challenges as to her withholding of removal and CAT claims. *See Martinez-Serrano v. Immigr. & Naturalization Serv.*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("[A]n issue . . . not discussed in the body of the opening brief is deemed waived.").

[2]    Before the IJ and BIA, Petitioner proposed five particular social groups ("PSG") to support her asylum and withholding of removal claims: (1) Ecuadorian women; (2) Ecuadorian women who are members of Petitioner's community, namely San Miguel de Ranas, Nabon, Ecuador; (3) Ecuadorian women with family living in the United States; (4) Ecuadorian women who are physically disabled;

7 F.4th 888, 893 (9th Cir. 2021) ("Because a persecutor's actual motive is a matter of fact, we review that finding for substantial evidence." (citation modified)). Petitioner's own briefing and testimony concede that Oswaldo Bolivar targeted Petitioner for the money she received from her parents. Petitioner's general arguments about societal gender-based discrimination in Ecuador, without more, do not compel the conclusion that Bolivar targeted Petitioner on account of her membership in a particular social group ("PSG") comprised of "Ecuadorian women" or "Ecuadorian women who are physically disabled." *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1019 (9th Cir. 2023) ("The general vulnerability of women in Guatemala tells us nothing about the [persecutor's] particular motivations . . . ."). Nor does the record evidence compel the conclusion that Bolivar targeted Petitioner on account of her membership in a PSG comprised of "Ecuadorian women with family living in the United States." *See id.* at 1019-20 (finding no nexus when a robber threatened family members only as "an instrumental means" of obtaining money); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (finding that the "desire to be free from harassment by criminals motivated by theft . . . bears no nexus to a protected ground").

---

and (5) Ecuadorian women who are members of Petitioner's community, namely Cuenca, Ecuador. Petitioner's opening brief raises arguments only as to the first, third, and fourth PSGs. We therefore do not consider the second and fifth PSGs. *See Martinez-Serrano*, 94 F.3d at 1259.

2.     Substantial evidence also supports the BIA's determination that Petitioner failed to provide any record evidence that Ecuadorian society perceives "Ecuadorian women with family living in the United States" to be socially distinct. *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1242-43 (9th Cir. 2020). Accordingly, the BIA did not err in concluding that this proposed PSG is not cognizable.

3.     Petitioner's opening brief asserts new PSGs comprised of "immediate family," and "physically disabled Ecuadorian women from the community of San Miguel De Ranes [sic] whose family lives in the United States." These arguments were not exhausted below, and we may not consider them. *See* 8 U.S.C. § 1252(d)(1); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (noting that administrative exhaustion, while not jurisdictional, is a claim-processing rule that the court "must enforce" when it is properly raised).

**PETITION DENIED.**[3]

---

[3]     The temporary stay of removal remains in place until the mandate issues. *See* Dkt. No. 1.